Davies, J.
The indictment charged the plaintiff in error with keeping a bawdy house. It was proved that he kept a house in the city of Syracuse, and to make out the offence, it was necessary to establish the character or kind of house so kept by him. A bawdy house is defined to be a house of ill-fame, kept for the resort and unlawful commerce of lewd people of both sexes. (Bouv. Law Dic., vol. 1, p. 163.) It was essential therefore, for the prosecution to establish the character of the house, and to show the character of the persons frequenting or occupying it. The questions put to the witnesses objected to, only called out the fact that females were found in the house of the plaintiff and were taken from there, before a magistrate, and convicted as prostitutes, and punished as such. This was prima facie evidence of the character of the persons frequenting the plaintiff’s house, and was legitimate and proper evidence, to establish such character. Proof that prostitutes were found frequently at the plaintiff’s house, and were notoriously so, were circumstances bearing directly on the issue, whether the plaintiff kept a bawdy house or house of ill-fame, and the jury would be warranted in finding *184 as they did, from such circumstances and the additional one that convicted and notorious prostitutes were frequently arrested there, that he kept a house of that character. The materiality of the inquiry did not consist in the fact that arrests of such women were made in the plaintiff’s house, but in the fact that women of such character were frequently found there, and permitted there after their arrest and conviction as prostitutes. The inquiry as to the agency of the plaintiff in procuring bail for them, when arrested upon such charges, was eminently legitimate as tending to show his knowledge of the character of the women occupying and frequenting his house. A man careful of the reputation of his house, and regulating it upon correct principles, is not accustomed to have found there women notoriously charged with the offence of prostitution; and for the purpose of fixing on the plaintiff the knowledge of the character of the inmates of his house, and as their character and habits determined the kind and character of the house he kept, it was proper to show that he knew of these charges against them, and that such knowledge was evidenced by Ms becoming bail for them before the police magistrate. The time of making the arrests was of no materiality, except as indicating the presence in the plaintiff’s house of women of the character his inmates were proved to be, and the time when they were thus found to be there, was a material inquiry; and in this aspect, the questions as to the time of making the arrests and when last made, were properly allowed to be put.
In the view we take of this case, and the facts necessary to be established by the prosecution, to warrant the jury in convicting the plaintiff, the judge correctly told the jury that the frequent arrests at the plaintiff’s house of females, theretofore convicted as prostitutes, was a circumstance proper to be taken into consideration by the jury in making up their verdict. It was not the fact that such females were frequently arrested in the plaintiff’s house, which gave point and significance to this part of the charge, but the fact that females theretofore convicted as prostitutes were frequently found in the plaintiff’s *185 house. The fact of such conviction stamped them as prostitutes, and its notoriety, and the circumstance of such frequent arrests must have brought home to the plaintiff knowledge of their character. The character of the inmates of the plantiff’s house determined the kind of house he kept, and if it was frequented by prostitutes, notoriously so, and they were frequently arrested there by police officers, the jury were authorized to find it was a bawdy house or house of ill-fame.
We see no error in the admission of the evidence objected to, or in that part of the charge excepted to, and think the judgment should be affirmed.
Judgment affirmed.